Edmundo P. Robaina (No. 018125)
Michael Pang (No. 030037)
YEN PILCH ROBAINA & KRESIN PLC
6017 North 15th Street
Phoenix, Arizona 85014
Telephone: (602) 682-6450
Facsimile: (602) 682-6455
epr@yprklaw.com
mrp@yprklaw.com

Attorneys for Plaintiff Danya Acosta

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Danya Acosta,<br><br>    Plaintiff,<br><br>vs.<br><br>State of Arizona,<br><br>    Defendant. | No.<br><br>**COMPLAINT**<br><br>**(Jury Trial Demanded)** |

Plaintiff Danya Acosta ("Acosta") alleges the following against Defendant State of Arizona (the "State"):

**Nature of the Case**

1.   Acosta brings this action against the State for retaliation in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e-3(a) and 42 U.S.C. § 1981a.

**Jurisdiction and Venue**

2.   This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1343 (a).

3.   Venue is proper in the District of Arizona pursuant to 28 U.S.C. § 1391.

///

///

## The Parties

4. Acosta is an adult female who at all relevant times resided in Douglas, Cochise County, Arizona, and the State employed Acosta to work primarily in Douglas, Cochise County, Arizona.

5. The Arizona Department of Law, more commonly known as the Arizona Attorney General's Office (the "AGO"), is an agency of the State.

## Acosta's Employment with the AGO and Her Subjection to Sexual Harassment

6. Acosta began her career in law enforcement in 2003.

7. On or about May 24, 2014, Acosta began working for the State as a Special Agent within the Special Investigations Section, Border Crimes Unit of the AGO's Criminal Division out of the Tucson office.

8. Initially, Acosta was assigned to work in Douglas, Arizona with law enforcement agencies that handled drug trafficking and criminal syndicate matters along the Southern Border area of Cochise County.

9. In May of 2015, Acosta was officially assigned to the Title 19 Task Force in Douglas, Arizona, which consisted of a small group of law enforcement officers from different agencies who worked on drug interdiction and the investigation of major crimes.

10. Acosta's work for the Task Force included investigating major crimes, including financial crimes and the activities of criminal syndicates; working with informants for purposes of drug interdiction; writing and serving search warrants; sharing information with other drug enforcement agencies; and apprehending fugitives.

11. During this time, Acosta also helped other agents from the Tucson and Phoenix offices with, for example, search warrants and arrest warrants.

12. At all relevant times, Acosta performed her duties in at least a satisfactory manner, and indeed, throughout her employment with the State, Acosta received at least "meets expectations" evaluations.

///

13. After her hire with the AGO, Acosta was directly supervised by Special Agent Supervisor Wes Dison.

14. Shortly after Acosta began working under Dison's supervision, Dison began making unwanted comments of a sexual nature to Acosta.

15. For many months, Acosta ignored Dison's comments.

16. However, in or about December of 2014, Special Agent Octavio Gradias also began to sexually harass Acosta.

17. In or about late July or early August of 2015, Acosta went to then Assistant Chief Dan Woods to complain about Dison's and Gradias' actions.

18. Woods told Acosta she needed to file a formal complaint.

19. As a result, in or about August of 2015, Acosta filed a formal internal complaint of sexual harasment against Dison and Gradias.

20. An internal affairs investigation was subsequently conducted into Acosta's allegations against Dison and Gradias.

21. Subsequent to the investigation, in approximately September of 2015, Gradias' employment was terminated.

22. Shortly thereafter, in or about October of 2015, Dison resigned.

23. Acosta was then directly supervised by Special Agent Supervisor Paul Cuellar until September of 2016, when Cuellar left the AGO.

24. During her supervision by Cuellar, Acosta had no problems at work and was never told that there were any problems with her work performance.

25. On or about September 9, 2016, Kim Ortiz, the Section Chief Counsel of the Border Crimes Enforcement Section, was assigned to supervise all Tucson Special Investigations Section staff pending the hiring of a new supervisor.

26. Ortiz is, or was at relevant times, a personal friend of Dison.

27. Approximately two weeks after Ortiz became Acosta's supervisor, Ortiz retaliated against Acosta for complaining about Dison by terminating Acosta's employment.

28. Acosta filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC") on or about June 30, 2017.

29. The EEOC issued Acosta a Notice of Right to Sue on December 1, 2021.

30. Acosta has fulfilled all of the administrative prerequisites for the filing of this suit.

## Count One

### (Title VII Retaliation)

31. Acosta incorporates and realleges each paragraph set forth above.

32. In complaining about Dison's sexually harassing behavior toward her, Acosta opposed an employment practice made unlawful by Title VII.

33. The State subsequently subjected Acosta to an adverse employment action, that is the termination of her employment.

34. Acosta was terminated because of her opposition to an unlawful employment practice.

35. As a result of the State's actions, Acosta has suffered lost wages and benefits.

36. As a result of the State's actions, Acosta has also suffered significant mental anguish, emotional distress, humiliation and loss of reputation.

WHEREFORE, Plaintiff Danya Acosta prays for judgment against Defendant State of Arizona as follows:

A. For an award of economic damages in an amount sufficient to make Acosta whole for past and future lost income and benefits and other economic losses incurred by Acosta because of the State's conduct;

B. For an award of compensatory damages for mental anguish, emotional distress, humiliation, harm to reputation and other losses incurred by Acosta as a result of the State's conduct;

C. For an award of prejudgment and post-judgment interest;

D. For an award of attorneys' fees and costs of suit incurred pursuant to 42 U.S.C. § 1988(b); and

E.    For an award of such other relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED this 28th day of February 2022.

YEN PILCH ROBAINA & KRESIN PLC

By  /s/ Edmundo P. Robaina
Edmundo P. Robaina
Michael Pang
Attorneys for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiff Danya Acosta hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this 28th day of February 2022.

YEN PILCH ROBAINA & KRESIN PLC

By  /s/ Edmundo P. Robaina
Edmundo P. Robaina
Michael Pang
Attorneys for Plaintiff